# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**SARA BROWN BOSWORTH, et al.**                                                            **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO. 2:12-CV-90-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant Ford Motor Company's Motion to Dismiss [35]. Plaintiffs' claims against Defendant Ford Motor Company are dismissed without prejudice.

## I. BACKGROUND

This case arises from a motor vehicle accident which occurred on May 25, 2009. Plaintiffs filed their Complaint [1] on May 25, 2012. On September 17, 2012, the Court ordered [21] Plaintiffs to serve all Defendants with process by January 14, 2013. The Court warned Plaintiffs that failure to timely serve Defendants could result in dismissal of their claims, and that failure to comply with any order of the Court would be interpreted as purposeful delay and contumacious conduct which could also result in dismissal. Plaintiffs then waited three months before requesting that the Clerk's office issue summons. The Clerk issued summons [22] for Defendant Ford Motor Company, on December 26, 2012.

On January 10, 2013, Plaintiffs requested [23] an extension of time to serve all Defendants with process, and that the Clerk reissue the summons for Ford [24]. The Clerk reissued the summons [25], and the Court extended [26] Plaintiffs' deadline to

February 14, 2013. The Court warned Plaintiffs that their claims against any Defendants remaining unserved after February 14 would be dismissed without further notice, and that failure to comply with any Court order would be deemed purposeful delay and contumacious conduct that could lead to dismissal.

On February 14, Plaintiffs filed a Waiver of Service of Summons [28] purportedly signed by a representative of Ford Motor Company. Ford filed a Motion to Dismiss [35] Plaintiffs' claims for failure to serve process, claiming that Plaintiffs forged the signature on the waiver. Plaintiffs did not respond to the motion.

## II. DISCUSSION

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 2013 U.S. App. LEXIS 3826, at *6 (5th Cir. 2013).

It is undisputed that Plaintiffs have not served Defendant Ford Motor Company with process, but Plaintiffs filed a waiver of service as to Ford on February 14, 2013. Ford presented evidence [35-2] that Plaintiffs forged the waiver. Matt Thibodeaux, an employee of CT Corporation declared under penalty of perjury that he has no authority

2

to waive service of process, that he has never signed a waiver of process form, and that he did not sign the waiver filed by Plaintiffs. Plaintiffs did not dispute this evidence. The Court finds, therefore, that the waiver of process form filed by Plaintiffs as to Ford Motor Company [28] is fraudulent. Plaintiffs did not timely serve Ford, and Ford did not waive service.

It is also undisputed, though, that the applicable statute of limitations will likely bar future litigation of Plaintiffs' claims if the Court dismisses them without prejudice. *See* MISS. CODE ANN. § 15-1-49 (three-year residual statute of limitations). When a dismissal without prejudice under Rule 4(m) will effectively bar future litigation, the Court must apply the heightened standard applicable to dismissals with prejudice. *Millan v. USAA GIC*, 546 F.3d 321, 326 (5th Cir. 2008). "[D]ismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* Dismissals with prejudice are typically granted when one of the following aggravating factors are present: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Here, the record clearly demonstrates Plaintiffs' contumacious conduct. "It is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies dismissal with prejudice." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011). Plaintiffs intentionally committed a fraud on the Court by forging a signature on a waiver of service form. Their actions undermine

3

the integrity of the judicial process and certainly merit dismissal with prejudice. *Cf. Id.* (plaintiff's commission of perjury constituted contumacious conduct meriting dismissal with prejudice); *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (5th Cir. 2001) (plaintiff's perjury provided sufficient reason to dismiss case with prejudice).

The Court must, however, "use the least onerous sanction which will address [Plaintiffs'] offensive conduct." *Brown*, 664 F.3d at 78. Dismissal with prejudice is "appropriate only if its deterrent value cannot be substantially achieved by use of less drastic sanctions." *Id.* The Court could impose monetary sanctions on Plaintiffs – fine them and require them to pay Defendant's expenses in filing the present motion. But Plaintiffs' *pro se* status, difficulty in paying the filing fee, and motions to proceed *in forma pauperis* indicate that monetary sanctions would have little, if any, practical effect on them. Furthermore, Plaintiffs have already enjoyed multiple extensions of time, and the Court warned them on each occasion that failure to properly serve process would lead to dismissal of their case. Plaintiffs ignored those warnings, failed to serve Ford, and committed a fraud on the Court. There is no reason to believe that Plaintiffs would make good on yet another opportunity to serve Ford with process. The Court finds, therefore, that dismissal is the only effective sanction here. *See Brown*, 664 F.3d at 78; *Martin*, 251 F.3d at 695.

### III. CONCLUSION

For the reasons stated above, the Court **grants** the Motion to Dismiss [35] filed by Defendant Ford Motor Company. The Court dismisses Plaintiffs' claims against Ford Motor Company without prejudice pursuant to Rule 4(m).

4

SO ORDERED AND ADJUDGED this 9th day of April, 2013.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE